IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MONTE A. INGRAM, #428839, | * |
| Petitioner, | * |
| v. | *   CIVIL ACTION NO. WDQ-15-479 |
| FRANK BISHOP, WARDEN, et al., | * |
| Respondents. | * |

\* \* \* \* \* \* \* \*

ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS AND
ORDER TO SHOW CAUSE DATED MARCH 17, 2015

Pursuant to this Court's Order dated March 17, 2015, and in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondents, the Warden of the North Branch Correctional Institution, and the Attorney General of the State of Maryland, by undersigned counsel, hereby answer the petition for a writ of habeas corpus that this Court received from Petitioner Monte A. Ingram. By his petition, Ingram apparently attacks the revocation of his probation that occurred on October 14, 2014, in the Circuit Court for Baltimore City, Maryland. For the reasons set forth herein, this Court should, without holding a hearing, dismiss Ingram's petition pursuant to 28 U.S.C. § 2254(b) because the state court remedies available to Ingram have not been exhausted.

## I. INTRODUCTION

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the AEDPA). The provisions of the AEDPA apply to cases filed in this Court after April 24, 1996, and thus, to the extent otherwise applicable, to Petitioner Ingram's case. *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997); *Mueller v. Angelone*, 181 F.3d 557, 565-69 (4th Cir.), *cert. denied*, 527 U.S. 1065 (1999).

## II. EXHIBITS

Given the procedural posture of this case, which is discussed in Section III., *infra*, Respondents believe that Petitioner's petition can be resolved based on the exhibit listed below. However, Respondents will attempt to provide any additional documents the Court wishes to review.

Exhibit 1:   Circuit Court for Baltimore City docket entries for Case No. 813318028.

## III. STATEMENT OF THE CASE

On December 6, 2013, Ingram was convicted of theft in the Circuit Court for Baltimore City. *See* Exhibit 1; Paper No. 1. He was sentenced to serve 18 months in prison, with 15 months and six days suspended, and one year of probation. *Id*. Ingram did not appeal this judgment. *Id*. On October 14, 2014, Ingram was found in violation of his probation and sentenced to serve a consecutive nine months in prison. *Id*. Ingram did not file an application for leave to appeal the revocation of his probation. *Id*. Ingram has not sought state post conviction relief in relation to his original conviction or the revocation of

his probation. *Id*.

## IV.  ALLEGATIONS IN THIS COURT

By his petition for a writ of habeas corpus, Ingram claims that he is being detained in state custody illegally and in support states, as best Respondents can discern, that his sentence is illegal under state and/or federal law.

## V.  REASONS FOR DENYING OR DISMISSING THE PETITION

28 U.S.C. § 2254 states as follows in subsections (b) and (c):

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>     (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)(i)  there is an absence of available State corrective process; or
>
>     (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2)   An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3)   A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the

question presented.

Pursuant to the exhaustion requirement codified in Section 2254(b) and (c), and absent a valid excuse, a state prisoner seeking federal habeas corpus relief must first present each of his claims to the state courts having jurisdiction to consider them, *Gray v. Netherland*, 518 U.S. 152, 161-65 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Castille v. Peoples*, 489 U.S. 346, 349-52 (1989), including the state's highest court, *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-49 (1999); *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999) (per curiam), *cert. denied*, 528 U.S. 1127 (2000); *Anthony v. Schuppel*, 86 F. Supp. 2d 531, 535-36 (D. Md. 2000). In order for a state prisoner to have satisfied the exhaustion requirement, he must have fairly presented both the same legal claims and the same supporting facts to each of the appropriate state courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Gray v. Netherland*, 518 U.S. at 162-63; *Duncan v. Henry*, 513 U.S. 364, 364-66 (1995) (per curiam); *Satcher v. Pruett*, 126 F.3d 561, 573 (4th Cir.), *cert. denied*, 522 U.S. 1010 (1997); *Gray v. Netherland*, 99 F.3d 158, 161-62 (4th Cir. 1996), *cert. denied*, 519 U.S. 1157 (1997); *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir.), *cert. denied*, 513 U.S. 1047 (1994). If a petitioner has failed in any of these regards and if there remains a reasonable possibility that there is any available procedure, either by way of direct appeal or a post conviction proceeding, for the prisoner to secure review by the state courts, the claim is not exhausted. *See* 28 U.S.C. § 2254(c); *Gray v. Netherland*, 518 U.S. at 161-66; *Meadows v. Legursky*, 904 F.2d 903, 909-10 (4th Cir.) (en banc), *cert. denied*, 498 U.S. 986 (1990). Where a federal habeas petition presents both exhausted and unexhausted claims and the

unexhausted claim or claims would not be entertained by the state court if presented there, the United States Court of Appeals for the Fourth Circuit has said that it considers "the claim to be exhausted and denied on an adequate and independent state-law ground." *George v. Angelone*, 100 F.3d 353, 364-65 n. 14 (4th Cir. 1996), *cert. denied*, 519 U.S. 1103 (1997); *see also Mackall v. Angelone*, 131 F.3d 442, 449-50 (4th Cir. 1997) (en banc) (deeming procedurally defaulted a claim that was not presented to state appellate court, where presentation of claim in state court would now be fruitless), *cert. denied*, 522 U.S. 1100 (1998); *Buchanan v. Angelone*, 103 F.3d 344, 351 (4th Cir. 1996) ("[f]ailure to raise a federal claim in state court bars federal review of the omitted claim"), *aff'd*, 522 U.S. 269 (1998). Except in limited circumstances, *see Rhines v. Weber*, 544 U.S. 269, 276-79 (2005) (discussing the propriety of staying a "mixed" habeas petition), where state court review remains available, a federal habeas petition presenting both exhausted and unexhausted claims must be dismissed in its entirety unless the state, through counsel, expressly waives the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b). And, "[w]here questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d at 994.

Under Maryland law, Ingram is entitled to direct review of the revocation of his probation by the Court of Special Appeals of Maryland in that court's discretion. Md. Code Ann., Cts. & Jud. Proc. Art., § 12-302(g) (2014). Maryland law also allows Ingram to challenge collaterally the revocation of his probation by filing a petition for post conviction

relief in state circuit court where the conviction obtained. *Smith v. State*, 115 Md. App. 614, 694 A.2d 182 (1997); Md. Code Ann., Crim. Pro. Art., §§ 7-101 et seq. (2008).[1] Ingram may challenge any adverse ruling of circuit court's by filing a timely application for leave to appeal to the Court of Special Appeals of Maryland. *See* Md. Code Ann., Crim. Proc. Art., § 7-109 (2007) (providing that review of an order denying post conviction relief shall be sought by application for leave to appeal). As of October 1, 1995, the Maryland Uniform Post Conviction Procedure Act limited to one the number of petitions for post conviction relief that can be filed at the circuit court level with respect to a particular trial. *See* 1995 Md. Laws, Ch. 110 (amending Article 27, Section 645A of the Maryland Code so as to provide for a single post conviction petition that may be reopened only "in the interests of justice"); *see also Stovall v. State*, 144 Md. App. 711, 800 A.2d 31 (holding, based on state law, that ineffective assistance of state post conviction counsel may be grounds for reopening post conviction proceedings), *cert. denied*, 371 Md. 71, 806 A.2d 681 (2002).

In addition to the one-petition limit, provisions of Maryland's Post Conviction Procedure Act stand as a possible bar to the presentation of claims that were raised or that could have been raised in earlier proceedings. *See* Md. Code Ann., Crim. Pro. Art., § 7-106(a) (2001)(provision regarding finally litigated claims); *Hernandez v. State*, 108 Md. App. 354, 361-65, 672 A.2d 103, 107-08 (1996) (construing concept of finally litigated), *aff'd*, 344 Md. 721, 690 A.2d 526 (1997); Md. Code Ann., Crim. Pro. Art., § 7-106(b) (2008) (waiver

---

[1] Prior to October 1, 2001, the Maryland Post Conviction Act was codified in Article 27 of the Maryland Code, in Sections 645A through 645-I.

provisions of Maryland's Post Conviction Procedure Act); *State v. Rose*, 345 Md. 238, 691 A.2d 1314 (1997) (construing waiver provisions); *Hunt v. State*, 345 Md. 122, 691 A.2d 1255 (construing waiver provisions and concept of finally litigated), *cert. denied*, 521 U.S. 1131 (1997); *Walker v. State*, 343 Md. 629, 684 A.2d 429 (1996) (construing waiver provisions); *Oken v. State*, 343 Md. 256, 268-74, 681 A.2d 30, 36-38 (1996) (same), *cert. denied*, 519 U.S. 1079 (1997); *McElroy v. State*, 329 Md. 136, 617 A.2d 1068 (1993) (same); *Curtis v. State*, 284 Md. 132, 395 A.2d 464 (1978) (same).  In any event, ordinarily, and subject to certain time constraints, *see* Md. Rule 8-204, review from the denial of post conviction relief is by leave to appeal only to the Court of Special Appeals of Maryland.  *See* Md. Code Ann., Crim. Pro. Art., § 7-109 (2008); *Sherman v. State*, 323 Md. 310, 311-12, 593 A.2d 670, 670-71 (1991) (confirming the absence of certiorari jurisdiction to grant post conviction relief where the Court of Special Appeals has simply denied an application for leave to appeal). Where, however, the Court of Special Appeals issues a decision that constitutes something other than a discretionary determination that there should be no appeal, the Court of Appeals of Maryland has jurisdiction to review the case further. *See Grayson v. State*, 354 Md. 1, 10-12, 728 A.2d 1280, 84-85 (1999).

As best Respondents can discern, Ingram intends to assert in his current petition challenges to his probation revocation.  *See* Paper No. 1.  Because Ingram has not yet pursued state post conviction remedies with regard to his original conviction or his probation revocation proceedings, there remains a viable remedy by which Ingram may present his current challenges to appropriate Maryland courts.  Respondents do not waive the exhaustion

requirement.  Accordingly, this Court should dismiss Ingram's petition for failing to exhaust all available state court remedies.

## VI.  CONCLUSION

For the foregoing reasons, and without holding a hearing, this Court should dismiss the petition for a writ of habeas corpus filed by Monte A. Ingram because the claims raised by Ingram have not been exhausted.

        Respectfully submitted,

        BRIAN E. FROSH
        Attorney General of Maryland

        _____/s/_____
        EDWARD J. KELLEY
        Assistant Attorney General
        Bar No. 27039

        Office of the Attorney General
        Criminal Appeals Division
        200 Saint Paul Place
        Baltimore, Maryland  21202
        ekelley@oag.state.md.us
        (410) 576-7964 (telephone)
        (410) 576-6475 (telecopier)

        Counsel for Respondents

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 24th day of April, 2015, a copy of the foregoing Answer to Petition for Writ of Habeas Corpus and Order to Show Cause was electronically filed and mailed (with exhibits), first class, postage prepaid, to MONTE A. INGRAM, #428839, North Branch Correctional Institution, 14100 McMullen Highway, SW, Cumberland, MD 21502.

                                            _____/s/_____
                                            EDWARD J. KELLEY
                                            Assistant Attorney General